UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN TORRES SALOMON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2175 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Juan Torres Salomon's petition for a writ of habeas corpus, and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Respondent's motion should be granted and Salomon's petition should be dismissed.

**I.  Background**

Salomon is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He does not challenge his conviction or sentence. Rather, he challenges the loss of street time credit after his mandatory supervision was revoked.

Salomon was released to mandatory supervision on February 12, 2010. Motion for Summary Judgment, Exh. A, B. His mandatory supervision was revoked on July 10, 2015. *Id.*, Exh. A, D. On March 6, 2016, Salomon filed a time dispute resolution form challenging the loss of credit for the time he spent on mandatory supervision. *Id.*, Exh. A. The TDCJ responded on March 16, 2016. *Id.*

On June 28, 2016, Salomon filed his state habeas corpus application challenging the loss of street time credit. State Habeas Record ("SH") (Doc. # 18-2), at 17. The Texas Court of

Criminal Appeals denied the application on September 7, 2016. *Id.* (Doc. # 18-1), at Action Taken sheet.

Salomon filed this federal petition on July 13, 2017. Petition at 10. Respondent moved for summary judgment on January 3, 2018. Salomon did not respond to the motion.

**II.     Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). Salomon's statute of limitations for bringing this federal habeas petition began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Salomon's mandatory supervision was revoked following a hearing on July 10, 2015. Salomon knew or could have discovered with reasonable diligence on that date that he would forfeit his street time credit. Therefore, in the absence of any tolling, Salomon had until July 10, 2016 to file his federal petition under the AEDPA statute of limitations.

An initial time credit dispute resolution form tolls the statute of limitations during the time it is pending, for a maximum of 180 days. Subsequent forms do not toll the statute of limitations. *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010). Salomon's initial time dispute resolution form tolled the statute of limitations for 11 days, from March 6 to March 16, 2016.

The statute of limitations is also tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Salomon filed his state habeas corpus application on June 28, 2016. The Texas Court of Criminal Appeals denied the application on September 7, 2016, tolling the statute of limitations for an additional 72 days, making his

federal petition due by October 3, 2016. Salomon did not file his federal petition until July13, 2017, more than nine months after the limitations period expired. Therefore, Salomon's petition is barred by the AEDPA statute of limitations.

### III. <u>Certificate of Appealability</u>

Salomon has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states

> a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred. Therefore, Salomon has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' Motion for Summary Judgment (Doc. # 17) is GRANTED;

2. Juan Torres Salomon's Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE; and

3. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 27th day of June, 2018.

_____
Kenneth M. Hoyt
United States District Judge